1  John P. Schnurer, SBN 185725, schnurer@fr.com
   Cheng Chieh (Jack) Ko, SBN 244630, ko@fr.com
2  Ryan P. O'Connor, SBN 244630, oconnor@fr.com
   Fish & Richardson P.C.
3  12390 El Camino Real
   San Diego, CA 92130
4  Telephone: (858) 678-5070
   Facsimile: (858) 678-5099
5
   Brian R. Nester, *pro hac vice*, nester@fr.com
6  1425 K Street, N.W., Suite 1100
   Washington, D.C. 20005
7  Telephone: (202) 783-5070
   Facsimile: (202) 783-2331
8
   Yun (Louise) Lu, SBN 253114, l.lu@fr.com
9  Fish & Richardson P.C.
   500 Arguello Street, Suite 500
10 Redwood City, CA 94063
   Telephone: (650) 839-5070
11 Facsimile: (650) 839-5071

12 Attorneys for Plaintiffs and Counterclaim-Defendants
   ASUSTeK Computer, Inc. and ASUS Computer International
13

14 Robert W. Stone (SBN 163513), robertstone@quinnemanuel.com
   Michael D. Powell (SBN 202850), mikepowell@quinnemanuel.com
15 Quinn Emanuel Urquhart Oliver & Hedges, LLP
   555 Twin Dolphin Dr., Suite 560
16 Redwood Shores, CA 94065
   Telephone: (650) 801-5000
17 Facsimile: (650) 801-5100

18 Christopher A. Hughes, *pro hac vice*, christopher.hughes@cwt.com
   Tony V. Pezzano, *pro hac vice*, tony.pezzano@cwt.com
19 John T. Moehringer, *pro hac vice*, john.moehringer@cwt.com
   James T. Bailey, *pro hac vice*, james.bailey@cwt.com
20 Cadwalader, Wickersham & Taft LLP
   One World Financial Center
21 New York, NY 10281
   Telephone: (212) 504-6000
22 Facsimile: (212) 504-6666

23 V. James Adduci II, (*not yet admitted pro hac vice*)
   Michael L. Doane (*not yet admitted pro hac vice*)
24 Patricia Larios (*not yet admitted pro hac vice*)
   Adduci Mastriani & Schaumberg LLP
25 1200 Seventh Street, N.W., Fifth Floor
   Washington, DC 20036
26 Telephone: (202) 467-6300

27 Attorneys for Defendant and Counterclaim-Plaintiff International Business Machines Corporation

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL,<br><br>　　　　Plaintiffs/Counter-Defendants,<br>　v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　Defendant/Counter-Plaintiff. | Case No. C08-CV-1168-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Judge:　Hon. Maxine M. Chesney<br>Date:　　June 6, 2008<br>Time:　　10:30 am<br>Ctrm.:　　7 |

　　　　Plaintiffs/Counterclaim-Defendants ASUSTeK Computer, Inc. and ASUS Computer International (collectively "Plaintiffs" or "ASUS") and Defendant/Counterclaim-Plaintiff International Business Machines Corporation ("Defendant" or "IBM") respectfully submit their Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service**

　　　　ASUS and IBM agree that the Court has subject matter jurisdiction. All parties have been served.

2. **Facts**

　　　　This is a declaratory judgment action alleging non-infringement and invalidity of U.S. Patent No. 5,008,829 ("the '829 patent") titled "Personal Computer Power Supply", U.S. Patent No. 5,249,741 ("the '741 patent") titled "Automatic Fan Speed Control", and U.S. Patent No. 5,371,852 ("the '852 patent") titled "Method and Apparatus for Making a Cluster of Computers Appear as a Single Host on a Network" (collectively "the patents in suit"). The '829 patent, in general, relates to personal computers with power supplies for supplying electrical power to electrically operated components which manipulate or store digital data. The '741 patent, in general, relates to a method and apparatus for cooling a computer system. The '852 patent, in general, relates to a method and

1  apparatus for routing information to and from a computer node within a cluster of computers
2  making the cluster appear as a single computer to host computers outside the cluster.
3    ASUS filed the instant Complaint on February 27, 2008 and served the complaint on March
4  3, 2008.  ASUS seeks a declaratory judgment that they or their products do not infringe and have
5  not infringed any claim of the patents in suit. ASUS also seeks a declaratory judgment that that one
6  or more claims of the patents in suit are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*,
7  including, but not limited to, sections 102, 103 and 112.
8    On March 24, 2008 IBM answered the Complaint.  IBM denies ASUS' non-infringement
9  claims and believes the asserted claims are valid and enforceable.  Further, IBM counterclaimed
10 that ASUS has directly, indirectly, contributorily and/or by inducement infringed and continue to
11 infringe the asserted patents  and that such infringement has been and continues to be willful.  IBM
12 also seeks to enjoin ASUS from further infringement of the asserted patents and seeks actual
13 damages, treble damages under 35 U.S.C. § 284, costs, expenses, prejudgment interest and any
14 further relief that the Court deems just and appropriate.
15   On May 9, 2008 ASUS replied to IBM's counterclaims denying the claims of infringement
16 and asserting the affirmative defenses of invalidity and of unenforceability  under an express or
17 implied license and/or patent exhaustion/first sale doctrine.  IBM reserves its right to strike the reply
18 as being untimely filed.

19 **3.**  **Legal Issues**
20   ASUS and IBM agree that it is premature to specifically respond to this area of inquiry.
21 Preliminarily, ASUS and IBM agree that the disputed legal issues in this case relate to patent
22 infringement under 35 U.S.C. § 271, various grounds for invalidity under 35 U.S.C. §§ 101, 102,
23 103, 112, and unenforceability based on patent license/exhaustion principles.  ASUS and IBM also
24 agree that issues of claim construction will be subjects of dispute.  IBM believes that issues relating
25 to injunctions and damages will be subjects of dispute.

26 **4.**  **Motions**
27   There are no pending motions. However, both parties anticipate that it is likely that they will
28 bring motions for summary judgment. ASUS anticipates filings motions for summary judgment of

non-infringement, invalidity and/or unenforceability after the Court construes the relevant claims. IBM anticipates filing motions for summary judgment of infringement and/or dismissal of ASUS' validity defenses as well as ASUS' licensing and/or exhaustion unenforceability defenses.

**5.  Amendment of Pleadings**

The parties agree to amend the pleadings by the date set forth in the schedule that is set by the Court.

**6.  Evidence Preservation**

ASUS prepared and circulated a document retention memorandum to all relevant employees requiring the preservation of all materials relevant to this action. IBM prepared and circulated a document retention memorandum to all relevant employees requiring the preservation of all materials relevant to this action.

**7.  Disclosures**

The parties agreed to serve initial disclosures on June 3, 2008, and to produce initial disclosure documents accompanying the initial disclosures on June 20.

**8.  Discovery**

The parties had Rule 26(f) conferences during the weeks of May 12, 2008 and May 19, 2008. The parties agreed to commence service of formal discovery on June 20. At this time, the parties do not propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules. ASUS, however, believes that damages discovery should be deferred until after the Court issues its claim construction order. IBM disagrees and believes that there is no factual or legal basis for deferring damages discovery until after claim construction, particularly since there are overlapping discovery issues relating to damages and patent validity such as commercial success.

The proposed schedule for discovery is incorporated in the Proposed Docket control Deadlines, set forth below.

**9.  Class Actions**

Not applicable.

10. **Related Cases**

This case is related to *Certain Computer Products, Computer Components and Products Containing Same*, Inv. No. 337-TA-628 before the International Trade Commission ("ITC investigation"). On December 5, 2007, IBM filed an initial Complaint and requested that the Commission commence an investigation against ASUS pursuant to Section 337 of the Tariff Act of 1930, as amended. The Complaint alleges that ASUS has engaged in unlawful importation into the United States, the sale for importation into the United States and/or the sale within the United States after importation of certain computer products, including personal computers, notebooks, servers, Barebone personal computers and routers, and computer components including motherboards and graphics cards and products containing such allegedly infringing computer components. In the ITC investigation IBM alleges that the '829, '741 and '852 patents are valid and infringed.

The Commission instituted an investigation on January 4, 2008. On January 31, 2008, IBM moved to amend the Complaint and Notice of Investigation in order to add Pegatron Corp. ("Pegatron") and Unihan Corp. ("Unihan") as additional respondents. On February 12, 2008, the Commission issued its Initial Determination amending the Complaint and Notice of Investigation to include Pegatron and Unihan as additional respondents. Respondents denied the infringement allegations in the Amended Complaint and asserted three affirmative defenses: (1) Invalidity; (2) Unenforceability – Express or Implied License; and (3) Unenforceability - Patent Exhaustion/First Sale. Since the filing of the initial Complaint, the parties have served discovery requests and responses, and have produced documents in response to such requests. Further, the parties have participated in the first of three Court ordered settlement conferences.

On February 27, 2008, ASUS filed the present action. Like the ITC investigation, this case is a patent matter and it involves the same patents.

11. **Relief**

ASUS requests the declaration of the Court that it does not infringe and has not infringed any claim of the patents in suit and/or that one or more claims of the patents in suit are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, sections 102, 103 and 112. ASUS also seeks to enjoin IBM from charging, either orally or in writing, that any of the patents in

suit are infringed by ASUS, directly or indirectly. ASUS also requests that it be awarded its costs, expenses and reasonable attorney fees in this action and any further relief that the Court may deem appropriate.

IBM requests the declaration of the Court that ASUS has infringed, actively induced infringement of, and/or contributorily infringed the asserted patents. IBM also seeks to enjoin ASUS from further infringement of the asserted patents. IBM further requests that it be awarded actual damages, treble damages under 35 U.S.C. § 284, costs, expenses, prejudgment interest and any further relief that the Court deems just and appropriate.

**12.    Settlement and ADR**

On March 18, 2008, in accordance with the procedural schedule promulgated by Judge Theodore Essex in the ITC action, the ASUS and IBM held the first of three mandated settlement conferences. During this mandated settlement conference, the parties agreed to informally hold settlement conferences beyond those mandated by Judge Essex. The next court ordered settlement conference in the ITC action is scheduled for June 10, 2008. Further, the parties have stipulated to the use of mediation pursuant to ADR L.R. 6.

**13.    Consent to Magistrate Judge For All Purposes**

IBM declined to consent to the assignment of this action to a United States Magistrate Judge for trial and disposition.

**14.    Other References**

ASUS and IBM do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Expedited Schedule**

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures. However, IBM believes that its schedule proposed below is appropriate for this case while ASUS' schedule is far too protracted. ASUS believes that its schedule proposed below is appropriate for this case given the related ITC action, which is scheduled for trial on October 14, 2008.

**16.    Narrowing of Issues**

The parties also believe that it is premature to narrow issues for trial, or to suggest any manner in which such issues may be narrowed other than as already anticipated by the Patent Local Rules.

**17.    Scheduling - Proposed Docket Control Deadlines**

The parties propose the following dates for this case:

|   |   | Defendant's Proposed Dates | Plaintiffs' Proposed Dates | Ordered Dates |   |
|---|---|---|---|---|---|
| a. | Case Management Conference | June 6, 2008 | Jun. 6, 2008 10:30 a.m. | June 6, 2008 10:30 a.m. | Court Order |
| b. | Disclosure of Asserted Claims and Preliminary Infringement Contentions | June 20, 2008 | Jun. 20, 2008 | Jun. 20, 2008 | Patent L.R. 3-1 [not later than 10 days after CMC] |
| c. | Preliminary Invalidity Contentions | August 4, 2008 | Aug. 4, 2008 | Aug. 4, 2008 | Patent L.R. 3-3 [not later than 45 days after Disclosure of Asserted Claims] |
| d. | Preliminary Unenforceability and Non-infringement Contentions | August 4, 2008 | No date is necessary or required to be set[1] | | |
| e. | Exchange of Proposed Terms and Claim Elements for Construction | August 18, 2008 | Jan. 28, 2009 | | Patent L.R. 4-1 [not later than 10 days after Preliminary Invalidity Contentions][2] |

---

[1] ASUS does not believe a date for disclosing contentions for which a party bears the burden need be set, other than for infringement and invalidity as contemplated by the patent local rules. Moreover, IBM's attempt to require ASUS to provide non-infringement contentions is not supported by the patent local rules as IBM has filed infringement counterclaims. *See, e.g.,* Pat. L.R. 3-5.

[2] ASUS believe that tolling the claim construction-related deadlines from the date of the Initial Determination in the related ITC action is issued, which is January 14, 2009, would be a more efficient use of judicial resources given the Court and parties will have the benefit of the administrative law judges opinion on claim construction after the parties have vetted claim construction issues in the ITC action. IBM disagrees; there is no legal or logical reason to deviate from the Patent Local Rules of this Court. IBM believes that both this case and the ITC case can and should proceed in parallel, otherwise the delay will prejudice IBM.

Case No. C08-CV-1168-MMC                                           7
Joint Case Management Statement & Proposed Order

| | | Defendant's Proposed Dates | Plaintiffs' Proposed Dates | Ordered Dates | |
|---|---|---|---|---|---|
| f. | Exchanged of Preliminary Claim Constructions and Extrinsic Evidence | September 8, 2008 | Feb. 17, 2009 | | Patent L.R. 4-2 [not later than 20 days after Exchange of Prop. Terms] |
| g. | Designate Claim Construction Experts | See Patent L.R. 4-2 | Jan. 28, 2009 | | Agreement of Parties |
| h. | Joint Claim Construction and Pre-hearing Statement | October 3, 2008 | Mar. 16, 2009 | | Patent L.R. 4-3 [not later than 60 days after Preliminary Invalidity Contentions] |
| i. | Completion of Claim Construction Discovery | November 3, 2008 | Apr. 15, 2009 | | Patent L.R. 4-4 [not later than 30 days after Joint Claim Construction] |
| j. | Plaintiffs' Opening Claim Construction Briefs | November 17, 2008 | Apr. 30, 2009 | | Patent L.R. 4-5 [not later than 45 days after Joint Claim Construction] |
| k. | Defendant's Responsive Claim Construction Briefs | December 1, 2008 | May 14, 2009 | | Patent L.R. 4-5 [not later than 14 days after opening brief] |
| l. | Plaintiffs' Reply Claim Construction Brief | December 10, 2008 | May 25, 2009 | | Patent L.R. 4-5 [not later than 7 days after service of responsive brief] |
| m. | Claim Construction Pre-hearing Conference | December 22, 2008 | Jun. 9, 2009 | | Patent L.R. 2-1 [after Joint Claim Constr. and Pre-hearing Statement] |

| | | Defendant's Proposed Dates | Plaintiffs' Proposed Dates | Ordered Dates | |
|---|---|---|---|---|---|
| n. | Claim Construction Hearing | January 5, 2009 | Jun. 12, 2009 | | Patent L.R. 4-6 (2 weeks after reply brief - subject to Court availability) |
| o. | Claim Construction Ruling (Estimated to allow for subsequent dates to be provided) | February 5, 2009 | Sept. 9, 2009 | | |
| p. | Last Day to Amend Pleadings | May 1, 2009 | Oct. 9, 2009 | | Agreement of Parties |
| q. | Final Infringement Contentions | March 9, 2009 | Oct. 9, 2009 | | Patent L.R. 3-6 [30 days after Claim Construction Ruling] |
| r. | Final Invalidity, Contentions | March 27, 2009 | Oct. 29, 2009 | | Patent L.R. 3-6 [50 days after Claim Construction Ruling] |
| s. | Final Unenforceability and Non-infringement Contentions | March 27, 2008 | No date is necessary or required to be set[3] | | |
| t. | Opinion of Counsel as Defense to Willfulness | March 27, 2009 | Oct. 29, 2009 | | Patent L.R. 3-8 [50 days after claim construction ruling] |

---

[3]   ASUS does not believe a date for disclosing contentions for which a party bears the burden need be set, other than for infringement and invalidity as contemplated by the patent local rules. Moreover, IBM's attempt to require ASUS to provide non-infringement contentions is not supported by the patent local rules as IBM has filed infringement counterclaims. *See, e.g.*, Pat. L.R. 3-5.

Case No. C08-CV-1168-MMC                                9
Joint Case Management Statement & Proposed Order

|     |                                                                          | Defendant's Proposed Dates | Plaintiffs' Proposed Dates | Ordered Dates |                                                                                                                       |
| --- | ------------------------------------------------------------------------ | -------------------------- | -------------------------- | ------------- | --------------------------------------------------------------------------------------------------------------------- |
| u.  | Designate Technical Experts                                              | April 1, 2009              | February 1, 2010           |               | Agreement of Parties                                                                                                  |
| v.  | Deadline to Complete Fact Discovery                                      | May 6, 2009                | Mar. 2, 2010               |               | Agreement of Parties                                                                                                  |
| w.  | Deadline for party with the burden of proof to submit expert reports     | June 15, 2009              | Mar. 28, 2010              |               | FRCP 26(a)(2)(C)  Agreement of Parties                                                                                |
| x.  | Deadline for parties to submit responsive expert reports                 | July 6, 2009               | Apr. 26, 2010              |               | FRCP 26(a)(2)(C)  Agreement of Parties                                                                                |
| y.  | Deadline to complete expert discovery                                    | July 27, 2009              | May 19, 2010               |               | Agreement of Parties                                                                                                  |
| z.  | Deadline for parties to file dispositive motions                         | August 17, 2009            | Jun. 10, 2010              |               | Agreement of Parties                                                                                                  |
| aa. | Hearing on Final Dispositive and *Daubert* Motions[4]                    | September 17, 2009         | Jul. 30, 2010              |               | 6/6/2008 CMC; Subject to Court Availability                                                                           |
| bb. | Joint Pretrial Conference Statement and Proposed Order                   | October 12, 2009           | Sept. 21, 2010             |               | FRCP 16; L.R. 16-10; Judge Chesney Pretrial Order [10 court days before Pretrial Conference]                          |
| cc. | File Motions in Limine                                                   | October 12, 2009           | Sept. 21, 2010             |               | Judge Chesney Pretrial Order [10 court days before Pretrial Conference]                                               |

---

[4] This schedule assumes final dispositive motion rulings within sixty (60) days after the hearing.

Case No. C08-CV-1168-MMC
Joint Case Management Statement & Proposed Order

10

|     | **Defendant's Proposed Dates** | **Plaintiffs' Proposed Dates** | **Ordered Dates** |     |
| --- | --- | --- | --- | --- |
| dd. Provide Copies of Exhibits to Other Parties and Stipulation re Admissibility of Exhibits for presentation at Pretrial Conference | October 12, 2009 | Sept. 21, 2010 |     | Judge Chesney Pretrial Order [10 court days before Pretrial Conference] |
| ee. File Joint Set of Agreed Upon Jury Instructions and Individual Sets of Instructions not agreed upon and Objections | October 12, 2009 | Sept. 21, 2010 |     | Judge Chesney Pretrial Order [10 court days before Pretrial Conference] |
| ff. File Joint Preliminary Statement and/or Preliminary Instructions (for the jury) | October 15, 2009 | Sept. 28, 2010 |     | Judge Chesney Pretrial Order [1 week before Pretrial Conference] |
| gg. File Opposition to Motions in Limine | October 16, 2009 | Sept. 28, 2010 |     | Judge Chesney Pretrial Order [5 court days before Pretrial Conference] |
| hh. File List of Exhibits with Stipulations and Objections | October 21, 2009 | Oct. 4, 2010 |     | Judge Chesney Pretrial Order [1 court day before Pretrial Conference] |
| ii. File list of Objections to Other Evidence | October 21, 2009 | Oct. 4, 2010 |     | Judge Chesney Pretrial Order [1 court day before Pretrial Conference] |
| jj. File Proposed Jury Voir Dire and Proposed Form of Verdict | October 21, 2009 | Oct. 4, 2010 |     | Judge Chesney Pretrial Order [1 court day before Pretrial Conference] |

|  | Defendant's Proposed Dates | Plaintiffs' Proposed Dates | Ordered Dates |
|---|---|---|---|
| kk. Pretrial Conference | October 22, 2009 | Oct. 5, 2010 | 6/6/2008 CMC; Subject to Court Availability |
| ll. Pretrial Disclosures | October 6, 2009 | Nov. 5, 2010 | FRCP 26(a)(3) [~30 days before trial] |
| mn Objections to Pretrial Disclosures | October 20, 2009 | Nov. 19, 2010 | FRCP 26(a)(3) [14 days after Pretrial Disclosures] |
| nn. Provide Exhibits to Court | November 5, 2009 | Dec. 6, 2010 | Judge Chesney Pretrial Order [First day of Trial] |
| oo. Trial | November 5, 2009 | Dec. 6, 2010 | 6/6/2008 CMC; Subject to Court Availability |

ASUS and IBM reserve their right to request that the schedule be amended due to changes occurring in the course of the case.

## 18. Trial

The trial will be a jury trial, but ASUS and IBM otherwise believe that it is premature to estimate the length of trial.

## 19. Disclosure of Non-party Interested Entities or Persons

Both parties filed a Certification of Interested Entities or Persons stating that, other than the named parties, there is no such interest to report.

## 20. Claim Construction Hearing

The Patent Local Rules Require the parties to meet and confer about the manner in which the claim construction hearing will proceed. The parties have discussed the matters specified in the Patent Local Rules and believe that a determination of the manner in which the hearing will proceed, other than schedule as set forth above, is premature.

Dated: June 6, 2008              /s/ John P. Schnurer
                                 Attorney for Plaintiffs ASUSTEK Computer, Inc.

Dated: June 6, 2008              /s/ Christopher A. Hughes
                                 Attorney for International Business Machines
                                 Corporation

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated:_____        _____
                                     The Honorable Maxine M. Chesney
                                     United States District Judge

1  Dated: ~~June 6, 2008~~ May 30, 2008 gps        /s/ John P. Schnurer
2                                                  Attorney for Plaintiffs ASUSTEK Computer, Inc.

3  Dated: June 6, 2008                             /s/ Christopher A. Hughes
4                                                  Attorney for International Business Machines Corporation

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____

_____
The Honorable Maxine M. Chesney
United States District Judge

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 30, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Fed. R. Civ. P. 5(b)(3). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated:    May 30, 2008

By:   /s/ John P. Schnurer
      John P. Schnurer

      Attorneys for Plaintiffs and Counter-Defendants ASUSTeK Computer, Inc. and ASUS Computer International